407 F.2d 401
 Jack LONGO, Plaintiff-Appellee,
v.
LEHIGH VALLEY RAILROAD CO., Defendant and Third-Party
Plaintiff, v. WILLIAMSPENCER & SON CORPORATION,
Third-Party Defendant, v. MARRA
BROTHERS, INC.,Third-Party
Defendant-Appellant.
 No. 285, Docket 30043.
 United States Court of Appeals Second Circuit.
 Submitted Feb. 11, 1969.
Decided Feb. 11, 1969, Certiorari Denied June 16, 1969, See
89 S.Ct. 2104.
 
 Morris Cizner, New York City (Zimmerman & Zimmerman, New York City, on the brief), for plaintiff-appellee.
 Sidney A. Schwartz, New York City (Alexander, Ash & Schwartz, New York City, on the brief), for third-party defendant-appellant.
 Appeal from judgment of the United States District Court for the Southern District of New York, Thomas F. Murphy, Judge, dismissing counter-claim of repairman, Marra Brothers, Inc., third-party defendant-appellant, against plaintiff-appellee Longo, its employee. Affirmed.
 Before ANDERSON, FEINBERG, Circuit Judges, and MANSFIELD, District Judge.[1]
 PER CURIAM:
 
 
 1
 The sole issue in this case is the right of Marra Brothers, Inc., who had, through its stevedoring subcontract with Wm. Spencer & Son Corp., stevedore, become liable for a recovery by Longo for personal injuries against Lehigh Vally Railroad Co., shipowner, which had in turn been indemnified by the Spencer Corp., to counter-claim against its employee Longo, who was found to have been 75% Contributorily negligent. The trial court held that Marra Brothers could not, and dismissed its counterclaim. Marra Brothers has appealed. Meanwhile, this court has heard and decided the same issue in another case and reached the same conclusion as to the applicable law. McLaughlin v. Trelleborgs Angfartygs, 408 F.2d 1334, decided January 30, 1969. The judgment of the district court is, therefore, affirmed.
 
 
 
 [1]
 Of the Southern District of New York, sitting by designation